BLISS v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. December 19, 1900.)

No. 337.

1. COUNTERFEITING—FORMER CONVICTION—DISTINCT OFFENSES.

The counterfeiting of notes at different times, although all apparently of the same series and printed from the same plate, constitutes distinct offenses, and a conviction for one is no bar to a prosecution for the other.

2. SAME—AIDING AND ABETTING—NECESSITY OF CONVICTION OF PRINCIPAL.

It is not necessary to the conviction of a defendant indicted under Act May 16, 1884, c. 52, § 1 (23 Stat. 22), for aiding and abetting another in counterfeiting notes of a foreign government, intended to circulate as

money, that the alleged principal should have been convicted; the offense being a misdemeanor, in which all who are concerned are principals.

In Error to the District Court of the United States for the District of Massachusetts.

Clarence B. Loud, for plaintiff in error.

Boyd B. Jones, U. S. Atty., and John H. Casey, Asst. U. S. Atty.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. There are five errors assigned in this case, but all raise the same question. This indictment was found under the first section of the act of May 16, 1884, c. 52 (23 Stat. 22), and charges the plaintiff in error with aiding and assisting one Davis in counterfeiting notes of the dominion of Canada, intended to circulate as money. Davis was indicted jointly with him, and pleaded guilty. The substance of the propositions submitted to us is as follows:

That Davis counterfeited a number of dominion of Canada notes, all of the same series, and bearing consecutive numbers in that series; that he had previously been convicted and sentenced for counterfeiting like Canada notes of apparently the same series, but not the same covered by the present indictment; that the notes on which the former conviction was based were printed from the same plates as those now in issue, but at a different time; that, in law, the entire matter, covering all the notes, was a continuous one, so that it could not be severed and made the basis of several criminal proceedings; and that the prior conviction could, therefore, have been pleaded by Davis in bar of this indictment, thus rendering it void, and consequently void as against Bliss as his aider and abettor.

The plaintiff in error cites no authority which sustains his propositions, and points out no rule of law which will guide us to his conclusions in the lack of authorities. On the other hand, the law is clear that, on the state of facts which this record shows, the counterfeiting of notes at different times, although all apparently of the same series and printed from the same plate, constitutes distinct offenses. This is a self-evident proposition, but, if it needed any support, we find it in U. S. v. Randenbush, 8 Pet. 288, 8 L. Ed. 948, in which two separate convictions for passing two counterfeit notes of the Bank of the United States of the same denomination were sustained. The rules of the common law in this particular, and the reasons for them, become apparent by comparing this case and O'Neil v. Vermont, 144 U. S. 323, 12 Sup. Ct. 693, 36 L. Ed. 450, with Ex parte Snow, 120 U. S. 274, 7 Sup. Ct. 556, 30 L. Ed. 658.

But to allow the expression of our views to stop at this point would leave an implication to which we cannot consent. The conviction of Davis was not necessary to the conviction of Bliss, and therefore it is of no consequence whether the conviction of the former was void or not. Even in the case of felonies, it is now settled that it is not necessary to allege or prove the conviction of a principal in order to charge an accessory. Whart. Cr. Law (9th Ed.) § 237, and numerous

other authorities. The crime at bar is a misdemeanor, and the technical rules relating to this topic which at the early common law applied to felonies never applied to misdemeanors, where all who are concerned in the offense are principals. This was expressly ruled with reference to statutes of the United States framed like this at bar, and aimed expressly at aiders and abettors in cases of misdemeanors, in U. S. v. Gooding, 12 Wheat. 460, 476, 6 L. Ed. 693, and U. S. v. Mills, 7 Pet. 138, 141, 8 L. Ed. 636. Following out this rule, indictments against persons charged with aiding and abetting fraudulent misapplications of the assets of national banks have always been sustained, notwithstanding they may contain no allegations of the conviction of the alleged principals. U. S. v. Northway, 120 U. S. 327, 7 Sup. Ct. 580, 30 L. Ed. 664; Evans v. U. S., 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830. All these citations undoubtedly apply to the statute in question.

The judgment of the district court is affirmed.