### UNITED STATES v. McCLURE.

(District Court, D. Vermont. February 13, 1901.)

1. CRIMINAL LAW—TRIAL—MOTION IN ARREST—INSUFFICIENCY OF INDICTMENT.
   Judgment will not be arrested on motion for insufficiency of the indictment if any one of the counts therein is good.

2. NATIONAL BANKS—MISAPPLICATION OF FUNDS—INDICTMENT OF ACCESSORY—SUFFICIENCY.
   A count in an indictment for aiding the misapplication of national bank funds in violation of Rev. St. § 5209, with ample allegations of fraudulent intent and purpose, distinctly charged embezzlement by the cashier of a national bank on many different days and times between May 24, 1897, and March 24, 1900, for the benefit and gain of defendant, by a pretended discount of paper contrary to the express direction of the directors, whereby defendant obtained $140,000 of its moneys and funds, and converted the same to his own use. *Held* good on a motion in arrest, in view of section 1024, declaring the form of an indictment to be immaterial, provided the substance is there; the word "embezzlement," as used therein, showing a misapplication by the cashier of the property in his official possession, within the meaning of the statute, and the punishment prescribed being not so much for each offense, but so much for every officer or agent who commits such offenses, and every person who aids or abets, irrespective of the number of times.

At Law.

James L. Martin, Dist. Atty., and T. W. Moloney, for the United States.

Senaca Haselton, Orion M. Barber, and James A. Merrill, for respondent.

WHEELER, District Judge. The respondent has been tried upon an indictment of 10 counts, found under section 5209, Rev. St. U. S.,

for aiding and abetting Charles W. Mussey, cashier of the Merchants' National Bank, in wrecking that institution, and now, after verdict of guilty, has moved in arrest of judgment for insufficiency of the indictment. Although judgment on a general verdict on a declaration of several counts will on motion be arrested if any of them are bad, it will not be in a criminal case if any one is good. Claassen v. U. S., 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966. This statute provides that:

"Every president, director, cashier, clerk, teller, or agent of any association, who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of the association," or who without authority puts in circulation the notes, or without authority issues or assigns certain obligations, "or who makes any false entry in any book, report or statement of the association, with intent, in either case, to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association or any agent appointed to examine the affairs of any such association; and every person who with like intent aids or abets any officer, clerk or agent in any violation of this section, shall be deemed guilty of a misdemeanor," etc.

The ninth count, after alleging that Marvin A. McClure (Charles W. Mussey being argued to have been intended) did "embezzle" $140,000 of the moneys of the bank, which had a capital of only $100,000, the loaning of more than 10 per cent. of which to any one individual was prohibited, proceeds:

"That Charles W. Mussey was then and there an officer of said banking association, to wit, its cashier, duly appointed and sworn, and was then and there acting in an official capacity as such cashier; that the said Charles W. Mussey, cashier as aforesaid, pretended to loan the said Marvin A. McClure said sum of one hundred and forty thousand dollars of the moneys and funds of said banking association, and did receive therefor certain pretended promissory notes, signed by the said Marvin A. McClure as principal, and indorsed by said Marvin A. McClure and by one Henry O. Edson by writing their names upon the backs thereof; that the directors of said banking association had previously thereto, to wit, on the 20th day of May in the year of our Lord 1897, refused to discount any promissory note or choses in action signed by the said Marvin A. McClure, and indorsed by him, and the said Henry O. Edson by writing their names upon the backs of said notes; that the said Charles W. Mussey, as such cashier aforesaid, was notified and directed by the directors of said banking association not to discount any choses in action or promissory notes signed by the said Marvin A. McClure, and indorsed by him and by Henry O. Edson by writing their names upon the backs of said notes, yet the said Charles W. Mussey, with intent to unlawfully embezzle, did take from and out of the moneys and funds of said banking association said sum of one hundred and forty thousand dollars between the 24th day of May in the year of our Lord 1897 and the said 24th day of March in the year of our Lord 1900, and did take therefor certain pretended promissory notes signed by the said Marvin A. McClure as principal, and indorsed by him and by said Henry O. Edson by writing their names upon the backs of said notes, of the tenor and effect following; that is to say."

And after setting out 77 notes:

"And the grand jurors say that said one hundred and forty thousand dollars was embezzled in parts and portions thereof on different dates, which said parts and portions were each of the same amount, as stated in each of said notes, and said different dates were the days of the dates of each of said notes, of which the foregoing are copies, and the sum of money for which each of said notes purports to have been given was embezzled on the day of the date of each of said notes, and which said sums so represented by said notes in the whole constitute said one hundred and forty thousand dollars so embezzled as heretofore and hereinafter set forth; that the said Charles

W. Mussey did not enter said notes, or any of them, upon the books of said banking association, as it was his duty to do, but did then and there make false and fraudulent entries upon the books of said banking association, with the fraudulent intent and purpose to cover up and conceal from the directors of said banking association, and from the agent appointed to examine said banking association, said pretended loans, amounting to one hundred and forty thousand dollars, to the said Marvin A. McClure, upon the pretended promissory notes aforesaid, then and there with the fraudulent intent, purpose, and device that the said Marvin A. McClure should unlawfully and fraudulently obtain possession of the said one hundred and forty thousand dollars of the moneys and funds of the said Merchants' National Bank, for the use, benefit, and gain of the said Marvin A. McClure, and for no other or different purpose and intent. And the grand jurors further say: That the said Marvin A. McClure then and there well knew that the said banking association was organized and doing business under said act of congress aforesaid at Rutland aforesaid; that its capital stock was limited to said sum of one hundred thousand dollars; that said banking association was prohibited by said act of congress from loaning him. the said Marvin A. McClure, its moneys or funds to an amount exceeding ten thousand dollars; that the moneys and funds so obtained were moneys and funds of said banking association; that he, the said Marvin A. McClure, and the said Henry O. Edson were not financially responsible for said sum of one hundred and forty thousand dollars, and were not responsible for any sum; that the said Charles W. Mussey was cashier of said banking association, and was acting in that capacity for said banking association in dealing with him, the said Marvin A. McClure, in all the transactions aforesaid; that the said Marvin A. McClure did pretend to borrow the said sum of one hundred and forty thousand dollars of the moneys and funds of said banking association, and did, for the fraudulent and corrupt purpose and intent of unlawfully obtaining the moneys and funds of said banking association to the amount of said one hundred and forty thousand dollars, execute and deliver to said Charles W. Mussey, as such cashier as aforesaid, the certain pretended promissory notes aforesaid signed by the said Marvin A. McClure as principal, and indorsed by him and the said Henry O. Edson by writing their names upon the backs of said notes, and the said Marvin A. McClure then and there well knew that the directors of said banking association had previously thereto, to wit, on the 20th day of May in the year of our Lord 1897, refused to discount any promissory note or choses in action signed by them, the said Marvin A. McClure, as principal, and indorsed by him and the said Henry O. Edson by writing their names upon the backs of said notes; that the said Charles W. Mussey, as such cashier as aforesaid, was notified by the directors of said banking association not to discount any choses in action or promissory note signed by said Marvin A. McClure as principal, and indorsed by him and the said Henry O. Edson by writing their names upon the backs of said notes, and not to loan him any of the moneys or funds of said banking association upon such promissory notes as aforesaid, so to be signed as aforesaid by said Marvin A. McClure as principal, and indorsed by him and the said Henry O. Edson by writing their names upon the backs of said notes; that the said Charles W. Mussey did take from and out of the moneys of said banking association. and without the knowledge or consent of the directors of said banking association, said sum of one hundred and forty thousand dollars between the 24th day of May in the year of our Lord 1897 and the said 24th day of March in the year of our Lord 1900, and the said Marvin A. McClure did deliver to said Charles W. Mussey, as such cashier as aforesaid, the pretended promissory notes as aforesaid, for the purpose and intent to defraud said banking association of said sum of one hundred and forty thousand dollars of the moneys and funds of said banking association; that the said Marvin A. McClure. then and there well knew that the said Charles W. Mussey did not enter said notes, or any of them, upon the books of said banking association, as it was his duty to do; that the said Charles W. Mussey did then and there make false and fraudulent entries upon the books of said banking association with the fraudulent intent and purpose to cover up and conceal from the directors of said banking association, and from the agent appointed to examine the affairs of said banking association, said pretended loans amounting to

said sum of one hundred and forty thousand dollars, which said loans were so pretended to be made for the false and fraudulent purpose of defrauding said banking association, whereby and by means of which the said Marvin A. McClure did obtain said sum of one hundred and forty thousand dollars, of the value of one hundred and forty thousand dollars, of the moneys and funds of said banking association, with the intent to convert the same to his own use and to defraud said banking association, and that he did convert the same to his own use and thereby defraud said banking association. And so the grand jurors aforesaid, on their oaths aforesaid, do say that the said Marvin A. McClure, in manner and form aforesaid, unlawfully, maliciously, and corruptly did aid and abet the said Charles W. Mussey in embezzling the moneys and funds of said banking association, the Merchants' National Bank of Rutland aforesaid, to the amount of one hundred and forty thousand dollars, of the value of one hundred and forty thousand dollars, with intent to defraud said banking association, contrary to the form, force, and effect of the statutes of the United States in such case made and provided, and against the peace and dignity of the United States."

In Cochran v. U. S., 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704, where the sufficiency of an indictment on this same section was under consideration, Mr. Justice Brown said:

"Few indictments under the national banking law are so skillfully drawn as to be beyond the hypercriticism of astute counsel,—few which might not be made definite by additional allegations. But the true test is not whether it might possibly have been made more certain, but whether it contains every element of the offense to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

In Evans v. U. S., 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830, the court said, as had been said before in U. S. v. Britton, 107 U. S. 655, 2 Sup. Ct. 512, 27 L. Ed. 520, that the willful misapplication made an offense by this statute was a "misapplication for the use, benefit, or gain of the party charged, or of some company or person other than the association."

In this ninth count embezzlement by Mussey, as cashier, for the benefit and gain of the respondent, by pretended discount of paper contrary to the express direction of the directors, whereby the respondent obtained $140,000 of the moneys and funds of the bank, and converted the same to his own use, is distinctly charged, with ample allegations of fraudulent intent and purpose. Embezzlement, as commonly understood, is a breach of trust to the embezzler's own use, and the embezzlement of this statute is a breach of trust by an officer or agent of the association to his own use; but the word may be used to describe the willful misapplication of the moneys, funds, or credits of the association, or treated as surplusage if the remaining description is sufficient. Com. v. Simpson, 9 Metc. (Mass.) 138. The word shows, as used, misapplication by the cashier of property in his official possession. U. S. v. Northway, 120 U. S. 327, 7 Sup. Ct. 580, 30 L. Ed. 664. Questions have often arisen whether charging statutory offenses in the words of the statute merely is sufficient, but not whether charging the offense in other words than those of the statute is sufficient. If the offense is well described in any language, it seems to be sufficient (U. S. v. Northway, 120 U. S. 327, 7 Sup. Ct. 580, 30 L. Ed. 664), and if not well described, although the words of the statute are used, not to be

sufficient (Batchelor v. U. S., 156 U. S. 426, 15 Sup. Ct. 446, 39 L. Ed. 478). If the substance is there, the form of it is made immaterial by statute. Rev. St. U. S. § 1024. The misapplication is alleged to have been done on many different days and times between the 24th day of May, 1897, and the 24th day of March, 1900, which might be bad even on a motion in arrest, but for this statute curing defects of form, and the extent of punishment provided. State v. Temple, 38 Vt. 37. The punishment prescribed is not of so much for each offense, but of so much for every officer or agent who commits such offenses, and every person who aids or abets, without reference to the number of times. The allegation of the number of times in the same count would be merely formal and immaterial. This count seems to, in substance, well charge willful and circumstantial misapplication by Mussey as cashier, and aiding and abetting with like intent by the respondent, which is sufficient. Motion in arrest overruled, and judgment on verdict.