UNITED STATES v. EASTMAN.

(Circuit Court, D. New Hampshire. August 10, 1904.)

No. 610.

1. NATIONAL BANKS—MISAPPLICATION OF FUNDS BY OFFICER—INDICTMENT.

An indictment of an officer of a national bank, under Rev. St. § 5209 [U. S. Comp. St. 1901, p. 3497], for misapplication of funds, sufficiently alleges his possession of the funds by an averment that he was president of the bank, and as such had access to its funds, properties, moneys, and credits, with duties to perform in their control, management, and application.

2. SAME.

An indictment of an officer of a national bank, under Rev. St. § 5209 [U. S. Comp. St. 1901, p. 3497], for misapplication of the funds or property of the association, sufficiently alleges the manner in which the misapplication was accomplished where it charges that, having access to the funds and properties of the bank, he willfully, unlawfully, fraudulently, and without the consent of the bank, converted them to his own use, or to the use of persons other than himself and other than the association.

3. SAME.

An indictment charging an officer of a national bank with misapplication of its funds, or with making false entries in its books, need not allege that the acts were done feloniously, where they are charged to have been done willfully and with intent to defraud the bank, and are such as are made misdemeanors by the statute.

4. SAME.

Various objections to an indictment under Rev. St. § 5209 [U. S. Comp. St. 1901, p. 3497], charging an officer of a national bank with misapplication of funds and property, on the ground of insufficiency of description of the property, considered, and held not well taken.

5. SAME—JOINDER OF OFFENSES IN SAME INDICTMENT.

Under Rev. St. § 1024 [U. S. Comp. St. 1901, p. 720], providing that indictments shall not be deemed insufficient because of defects in form or other matters which do not affect the substantial rights of the accused, an indictment under section 5209 [U. S. Comp. St. 1901, p. 3497], charging a defendant, in different counts, with offenses against two different national banks, of each of which he was an officer, is not necessarily demurrable; but the propriety of such joinder in a given case is left to the discretion of the court, which may compel an election between the counts or direct separate trials.

On Demurrer to Indictment.

C. J. Hamblett, U. S. Atty.

Sargent, Remick & Niles and H. I. Goss, for defendant.

ALDRICH, District Judge. It is altogether too late to attempt a return to old common-law refinements in criminal pleadings for the purpose of applying ancient rules to alleged statutory offenses. I assume in a case like this that it is not sufficient to charge the offense in the words of the statute, and I assume, further, that it is necessary to set forth all the elements of the offense charged with sufficient clearness to apprise the respondent with reasonable certainty of the nature of the accusation and of every substantial feature of the wrong charged against him; and, upon this assumption, which includes a requirement sufficient to answer the demands of the Constitution in respect to the manner in which criminal accusations shall be preferred,

I think all the questions presented by the special grounds of demurrer have been fully and authoritatively settled against the defendant.

It must be remembered that the offense charged is misapplication of the funds of the bank, and not embezzlement. Looking at the statute (Rev. St. § 5209 [U. S. Comp. St. 1901, p. 3497]), aside from the offenses enumerated therein, other than those charged in the indictment in question, we find it declared that certain bank officers who willfully misapply any of the moneys, funds, or credits of a banking association, or who make any false entry in any book, report, or statement of a banking association, with intent in either case to injure or defraud the association, shall be deemed guilty of a misdemeanor.

The charges preferred against the respondent are misapplication and false entry. It is not necessary in this case to deal with the 25 counts seriatim, and I do not feel called upon to review at length the numerous decisions in the Supreme Court and elsewhere which bear upon the questions presented, and which have been so carefully and ably commented upon and criticised in the arguments. I shall state my conclusions without much elaboration and with few citations of authorities, and, of course, give the respondent the full benefit of exceptions.

Speaking generally, in such counts of the indictment as relate to the Berlin National Bank the respondent is charged with being president of the association, and, as such, with having access to the properties, moneys, funds, and credits of the association, and with having to do with and assisting in the management, application, and disposition thereof, and, having such access and duties to perform, that he, without the knowledge and without the consent of the bank, and with intent to injure and defraud the association, willfully misapplied the moneys, funds, and credits thereof, and that he did it unlawfully, fraudulently, knowingly, and designedly, by converting the same to his own use, and in other counts by converting the properties to the use of persons other than himself and other than the bank.

The point is taken that there is no sufficient allegation of possession to constitute a case of misapplication, but I think the allegation of access, control, and management a sufficient allegation of possession to describe that element of the offense of misapplication, because it is a description of that kind of a possession which the statute was intended to protect. United States v. Northway, 120 U. S. 327, 332, 333, 7 Sup. Ct. 580, 30 L. Ed. 664; United States v. Harper (C. C.) 33 Fed. 471, 475.

The point is also taken that there is no sufficient allegation of the manner or the means by which the alleged misapplications were accomplished. I do not think this point well taken. It is alleged that, having access to the properties of the bank, the respondent misapplied them by willfully, unlawfully, fraudulently, and without the consent of the bank, converting them to his own use, and, in other counts, to the use of persons other than himself and other than the association. This would seem to be a sufficient allegation of the manner and means of accomplishing the result. It would seem to answer the reasoning of United States v. Britton, 107 U. S. 655, 668, 2 Sup. Ct. 512, 523, 27 L. Ed. 520, where it is said, "It must be a willful misapplication for the use or benefit of the party charged, or for some person or company other than

the association, with intent to injure and defraud the association;" and, moreover, I consider this point distinctly covered by the reasoning of Judge Putnam in Jewett v. United States, 100 Fed. 832, 837, 41 C. C. A. 88, 53 L. R. A. 568, decided by the Court of Appeals for this circuit.

There was considerable discussion as to the uncertainty of that feature of the allegations which employ the word "conversion." Taken disconnectedly, the word "conversion" is susceptible of many meanings, but it must be accepted here in the sense in which it was used—that of alleging the fact that a president of a bank, having access to its property, misapplied it by unlawfully and fraudulently converting it to his own use.

In respect to the point that the indictment contains no allegation that the acts were done feloniously, I have only to say it is understood that where certain acts are declared by a statute to be an offense in the nature of a misdemeanor, without making felonious intent an element of the offense, it is quite sufficient to describe the acts complained of as committed willfully, fraudulently, unlawfully, and with wrongful intent.

The further point is taken that the allegations of conversion by Eastman to the use of persons other than himself are not sufficient. This point is covered adversely to the respondent by United States v. Britton 107 U. S. 655, 668, 2 Sup. Ct. 512, 27 L. Ed. 520, as well as by United States v. Northway, 120 U. S. 327, 7 Sup. Ct. 580, 30 L. Ed. 664, where it is, in effect, declared that the offense may consist of a conversion of bank properties to the use of the defendant or of some person other than the association, with intent to injure and defraud the association.

The further point is taken that several counts of the indictment are indefinite and uncertain, because, in describing the property alleged to have been misapplied, they set forth only by way of description "certain of said property, moneys, funds, and credits; that is to say, certain moneys to the amount and of the value, in all, of * * *; certain funds to the amount and of the value, in all, of * * *; certain credits to the amount and of the value, in all, of * * *"; the point being that the different kinds of property are not described with sufficient particularity. It must be borne in mind that all the counts in this class set out that a more particular description of the property misapplied, and the value thereof, was to the grand jurors unknown. Without going much into the authorities, I think such a description sufficiently apprises the accused of the nature of the accusation to answer the purposes of the statute in this class of cases. In many cases greater particularity would be impossible. Breese v. United States, 106 Fed. 680, 688, 45 C. C. A. 535, and cases cited; Frisbie v. United States, 157 U. S. 160, 15 Sup. Ct. 586, 39 L. Ed. 657. Indeed, a similar allegation and description of property went unchallenged in the Jewett Case, to which we have referred; and an allegation embodying a description of property as "certain goods, chattels, and property, to wit, fifty pieces of paper, each of the value of two dollars; fifty railroad tickets, each of the value of two dollars," was

sustained by the Supreme Court of Massachusetts, with the suggestion that the proof might be applied to either description that was deemed proper. Commonwealth v. Parker, 165 Mass. 526, 43 N. E. 499.

It is objected as to count 1, and others like it, that an element of uncertainty is introduced into the case by allegations under a videlicet, involving various descriptions of a promissory note, or notes like that of the John C. West note in count 1. It is said in behalf of the defense that it is uncertain whether the description is of one note or of several. I think it is uncertain upon the wording of the allegations, but it is said in behalf of the government that only one note is intended, and the various descriptions are employed to avoid possible variance at the trial between the proofs and the allegation. These counts are not necessarily bad by reason of repetition and uncertainty, because all but the proper descriptions may be treated as surplusage at the trial. However, all doubt and uncertainty is removed by the statement of counsel for the government that the allegation in count 1 relates to one note; and, if this is not sufficient security to the respondent in the direction of removing uncertainty, the allegation in this respect should be made more certain by a limitation in the nature of a bill of particulars.

The point is also taken that the twenty-fifth count is uncertain and insufficient, in that it does not state that the $5,000 named in the alleged false entry was not paid to any person for Marshall's benefit, and that it is not alleged that it was within the scope of the duties of Eastman, as president, to make the entry. We think the question involved in this objection has been settled against the defendant by the reasoning in United States v. Harper (C. C.) 33 Fed. 471, 480, and in Britton v. United States, 107 U. S. 655, 662, 2 Sup. Ct. 512, 27 L. Ed. 520. In the last case the point was taken that there was no allegation that the entry was made in an account of the bank in the due course of business. The sum of the reasoning of these cases is that it is quite sufficient to set out that the entries were made by an officer of the bank in the books thereof with intent to deceive and injure the bank, and that the entries were false. It would be carrying refinement in criminal pleadings to an impracticable extent, by requiring particular affirmative and negative averments covering every possible explanation which the person charged might make of the entry described and alleged to have been falsely made with intent to injure.

Though not in the precise order in which the questions were raised by the statement of the special grounds of demurrer, I think I have covered all the questions presented for my consideration, save the one which relates to a joinder in the same indictment, under different counts, of alleged wrongdoing by the respondent in connection with the Berlin National Bank, as its president, with alleged wrongdoing by him in connection with the Gorham National Bank, in the capacity of its director and agent. As to this, Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208, is sufficient authority upon the general question, that since the enactment of section 1024 of the Revised Statutes .[U. S. Comp.

St. 1901, p. 720], joining several counts in one indictment against the same person which charge different offenses in respect to different transactions, is not necessarily ground of demurrer. Still, while such joinder is authorized by this statute, the question of the propriety of joinder in a given case is left to the discretion of the court, as fully explained by the case to which I have referred. It is unquestionably within the power of the court to compel the government to elect upon which class of counts it will go to trial, and dismiss the others, or to direct separate trials upon the different classes of offenses. This being so, it behooves the court to exercise great caution upon the question whether the defendant in this case would be unreasonably embarrassed and confounded in his defense by being put upon trial upon charges involving distinct and different transactions connected with different banks. I have considerable doubt—although I do not decide the question—about the justice of putting the respondent on trial at the same time upon charges of wrongdoing with the Berlin Bank, and upon charges of wrongdoing with the Gorham Bank; they being different associations, doing business in different places. It may be that the transactions are so connected together and running into each other, as was the case in the alleged wrongdoing in Pointer v. United States, that the two cases may properly, and with justice to the respondent and all concerned, be tried together. However this may be—without deciding the question now—whenever it shall be made to appear, whether before the trial, at its inception, or during the progress of the trial, that the respondent would be unreasonably embarrassed by a trial together of the alleged offenses against the different banking associations, the government will be compelled to elect whether it will go to trial, or proceed with the trial, as the case may be, upon the counts relating to the Berlin Bank, or those relating to the Gorham Bank.

Demurrer overruled.