## BATCHELOR *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MONTANA.

No. 775.   Argued January 23, 1895.—Decided March 4, 1895.

The offence of wilfully misapplying by the president of the funds of a
national bank, in violation of section 5209 of the Revised Statutes, is not
sufficiently set forth by an indictment alleging that the defendant, as the
president of a national bank, wilfully misapplied a certain sum, of the
moneys, funds and credits of the bank, in the manner following, to wit,
that the defendant, without the knowledge or consent of the bank, or of
its board of directors, and knowing himself and another person named
to be insolvent and worthless, procured of the latter divers promissory
notes, some of them endorsed by the defendant, but all without other
security; "with which said notes, by and through the device and pre-
tence of discounting the same, and making loans thereon, and with the
proceeds of said loans so made thereon and thereby obtained by him,"
knowing those notes " to be inadequate security for the moneys so
obtained," he took up and satisfied his indebtedness to the bank; that
" thereafter in turn, by substituting the notes of" the defendant, some-
times endorsed by the other person, and sometimes by some third per-
son named, the defendant, knowing these notes to be inadequate security
for the sums they represented, and they having with them no other
security, took up and cancelled and pretended to pay to the bank the
indebtedness created to it by him as aforesaid; and that the defendant
"did from time to time, by the fraudulent device and means aforesaid,
as well as by passing differences between the face of said various notes
and the indebtedness aforesaid, which they were from time to time to
satisfy, to the credit of" the defendant to the bank, upon the accounts
of the bank, gradually increase the amount of his actual indebtedness to
the bank; " all of which said sums were misapplied wilfully, and in the
manner aforesaid, out of the moneys, funds and credits of" the bank,
and were converted to the defendant's use, benefit and advantage, with
the intention to injure and defraud the bank and its depositors and other
persons doing business with it.

THE defendant, Harry F. Batchelor, was indicted on section
5209 of the Revised Statutes, for wilfully misapplying the
moneys, funds and credits of a national bank of which he was
the president and a director and agent, and was found guilty
by the jury upon the second count, which was as follows:

"And the grand jurors aforesaid, upon their oaths and

affirmations aforesaid, do further find and present that the said Harry F. Batchelor, on the first day of January, 1891, and at divers times and dates between January 1, 1891, and July 8, 1893, was then and there the president and a director and agent of a certain national banking association, to wit, the Stock Growers' National Bank of Miles City, theretofore duly organized and established and then existing and doing business in the city of Miles City, in the circuit and district aforesaid, under the laws of the United States of America, did then and there, at the time aforesaid, within the said district, as such president, director, and agent, by virtue of such employment and while so employed, wilfully misapply forty thousand four hundred and twenty-two dollars and seventy-nine cents, of the moneys, funds and credits then and there belonging to and the property of said association, in the manner following, to wit : That the said Harry F. Batchelor, without the knowledge or consent of the said association or the board of directors thereof, he then and there and at all times well knowing both himself and the said John W. Batchelor, hereinafter named, to be insolvent and worthless, did then and there procure of the said John W. Batchelor divers promissory notes payable to said association, some of which were endorsed by him, the said Harry F. Batchelor, but all without other or further security; with which said notes, by and through the device and pretence of discounting the same and making loans thereon, and with the proceeds of said loans so made thereon and thereby obtained by him, the said Harry F. Batchelor, he then and there knowing the said promissory notes to be inadequate security for the moneys so obtained, he did from time to time, during the period aforesaid, take up and satisfy the individual indebtedness of him, the said Harry F. Batchelor, to the said association; and thereafter in turn, by substituting the notes of him, the said Harry F. Batchelor, to said association, sometimes endorsed by John W. Batchelor, or by one William Harmon or by one George Newman or by one C. L. Merrill, he, the said Harry F. Batchelor, then and there well knowing the said notes to be inadequate security for the sums they represented, and the said notes never having with them

any other security, he did then and there take up and cancel
and pretend to pay to the said association the indebtedness so
created to said association by John W. Batchelor as aforesaid;
and did from time to time, by the fraudulent device and means
aforesaid, as well as by passing differences between the face
of said various notes and the indebtedness aforesaid, which
they were from time to time to satisfy, to the credit of him,
the said Harry F. Batchelor, upon the accounts of said associa-
tion, gradually increase the amount of the actual indebtedness
of him, the said Harry F. Batchelor, to the said association;
all of which said sums were misapplied wilfully, and in the
manner aforesaid, out of the moneys, funds and credits of said
association, and converted then and there to the use, benefit
and advantage of said Harry F. Batchelor, with the intention
then and there had and having in him, the said Harry A.
Batchelor, to injure and defraud the said association, its deposi-
tors, and other persons, corporations and firms, then doing or
who might thereafter do business with the said association;
contrary to the form of the statute in such case made and pro-
vided, and against the peace and dignity of the United States
of America."

The defendant moved in arrest of judgment, because this
count did "not state a public offence against the laws of
the United States." The court overruled the motion; and
the defendant alleged exceptions, and sued out this writ
of error.

*Mr. John T. Morgan* for plaintiff in error. *Mr. Joseph
K. Toole* and *Mr. W. E. Cullen* were with him on the brief.

*Mr. Assistant Attorney General Conrad* for defendants
in error.

Mr. JUSTICE GRAY, after stating the case, delivered the opin-
ion of the court.

By the statute on which the defendant was indicted and
convicted, "every president, director, cashier, teller, clerk, or
agent of any [national banking] association, who embezzles,

abstracts, or wilfully misapplies any of the moneys, funds or credits of the association," "shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years nor more than ten." Rev. Stat. § 5209.

By the settled rules of criminal pleading, and by the previous decisions of this court, the words "wilfully misapplies," having no settled technical meaning, (such as the word "embezzle" has in the statutes, or the words "steal, take and carry away" have at common law,) do not, of themselves, fully and clearly set forth every element necessary to constitute the offence intended to be punished; but they must be supplemented by further averments, showing how the misapplication was made, and that it was an unlawful one. Without such averments, there is no sufficient description of the exact offence with which the defendant is charged, so as to enable him to defend himself against it, or to plead an acquittal or conviction in bar of a future prosecution for the same cause. *United States* v. *Britton,* 107 U. S. 655, 661, 669; *United States* v. *Northway,* 120 U. S. 327, 332, 334; *Evans* v. *United States,* 153 U. S. 584, 587, 588.

The general allegation, at the beginning of the count in question, that the defendant, on January 1, 1891, and at divers times between that date and July 8, 1893, being president, director and agent of a certain national banking association, did, as such president, director and agent, "wilfully misapply forty thousand four hundred and twenty-two dollars and seventy-nine cents, of the moneys, funds and credits then and there belonging to and the property of said association, in the manner following," is rightly admitted to be insufficient, unless the acts afterwards alleged amount to a wilful misapplication of funds of the association, within the meaning of the statute.

It is first alleged that the defendant, without the knowledge or consent of the association, or of its board of directors, and knowing himself and one John W. Batchelor to be insolvent and worthless, procured of the latter divers promissory notes payable to the association, some of them endorsed by the defendant, but all without other security. So far, it is not

shown in what manner, or for what consideration, the defend-
ant procured these notes, or that he be paid for them any sum
of money whatever, least of all that he procured them with
moneys, funds or credits of the association.

The indictment then proceeds, " with which said notes, by
and through the device and pretence of discounting the same
and making loans thereon, and with the proceeds of said
loans so made thereon and thereby obtained by him, the
said Harry F. Batchelor, he then and there knowing the said
promissory notes to be inadequate security for the moneys
so obtained, he did from time to time, during the period afore-
said, take up and satisfy the individual indebtedness of him,
the said Harry F. Batchelor, to the said association."

Here is no direct or distinct allegation who made the dis-
counts of, or the loans upon, the notes. The allegation of
" the device and pretence of discounting the same and mak-
ing loans thereon " must either mean that the discounts, as
well as the loans, were made upon all the notes, which would
make the allegation inconsistent with itself, inasmuch as when
a bank discounts a note, the note becomes its absolute prop-
erty, but when a bank makes a loan of money upon a note,
it holds the note as security only for the payment of the loan ;
or else it must mean that some of the notes were discounted,
and that loans were made upon the other notes, and, upon
that interpretation, does not show what part of the notes was
discounted, and upon what part loans were made. More-
over, it does not allege that any sums whatever were paid by
the association, or by any one else, for the discounts. As to
the loans, it does allege that " with the proceeds of said
loans so made thereon and thereby obtained by him," the
defendant, knowing those notes to be inadequate security
" for the moneys so obtained," did from time to time " take
up and satisfy the individual indebtedness of " the defendant
to the association ; but it does not state, either directly or by
reference, what indebtedness of the defendant is here intended.
" The proceeds of said loans " is an ambiguous and uncertain
description, signifying what was obtained by the lender for
the loans, quite as aptly as the very money lent to the bor-

rower; and the further words, "and thereby obtained by him," may have as full force by restricting them to the last antecedent, the "said loans so made thereon," as by carrying them back to the words, "the proceeds of" said loans.   While it is further alleged that the defendant knew those notes to be inadequate security "for the moneys so obtained," there is no statement whatever of the amount of said moneys, nor even, as has been seen, any definite and certain allegation that any money had been obtained at all.   To call upon the accused, or upon the court, to pick out and put together, from such a confused and ambiguous sentence, enough to make out a sufficient charge of unlawfully misapplying funds of the association, would be inconsistent with the settled. rules of criminal pleading.

The rest of the indictment is yet more defective.   The next allegation is .that "thereafter in turn, by substituting the notes of" the defendant to the association, sometimes endorsed by John W. Batchelor, or by some third person named, the defendant, knowing these notes to be inadequate security for the sums they represented, and they having with them no other security, took up and cancelled and pretended to pay to the association the indebtedness created to it by John W. Batchelor as aforesaid.   This amounts only to the substitution of worthless notes for other notes equally worthless without, so far as the indictment shows, the payment of any money or other consideration whatever.

The remaining specific allegation is that the defendant "did from time to time, by the fraudulent device and means aforesaid, as well as by passing differences between the face of said various notes and the indebtedness aforesaid, which they were from time to time to satisfy, to the credit of him, the said Harry F. Batchelor, upon the accounts of said association, gradually increase the amount of the actual indebtedness of him, the said Harry F. Batchelor, to the said association."   As admitted by the learned attorney for the United States, in answer to a question from the court, the clause about "passing differences" has no legal meaning; and the rest of the allegation does not show any use of funds of the association.

Such being the nature and effect of the specific allegations in the indictment as to the manner in which the defendant acted, there are no sums clearly and sufficiently specified, to which can be referred the concluding averment, "all of which said sums were misapplied wilfully, and in the manner aforesaid, out of the moneys, funds and credits of said association," and were converted to the defendant's use, benefit and advantage, with the intention to injure and defraud the association and its depositors and other persons and corporations doing business with it.

*Judgment reversed.*