## UNITED STATES v. REECE (five cases).

(District Court, D. Idaho, E. D.   May 4, 1922.)

### Nos. 704-708.

1. **Indictment and information ⬅️150—Presenting demurrer merely with naked list of authorities improper.**

    Where demurrers to indictments were interposed, but were presented with merely a naked list of authorities, and with no argument or statement of particular points or propositions, the method of presentation was improper.

2. **Banks and banking ⬅️257(1)—Indictment charging president of national bank with misapplication of funds sufficient, if appropriation and conversion by either president or recipient of funds is shown.**

    An indictment charging the president of a national bank with willful misapplication of funds, in violation of Rev. St. § 5209 (Comp. St. § 9772), need not show conversion of funds by both the president and the recipient of the proceeds; facts showing an appropriation and conversion by one or the other being sufficient.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Banks and banking ⬅256(3)—President of national bank may be guilty of willful misapplication of funds, though not in actual possession.**

The president of a national bank may be guilty of willful misapplication of the funds of such bank, in violation of Rev. St. § 5209 (Comp. St. § 9772), though he has not the actual possession, if he has such control and power of management as to direct an application of the funds in such manner, and under such circumstances as to constitute a violation of the statute. .

**4. Indictment and information ⬅71—Test as to certainty of indictment stated.**

The test as to the sufficiency of an indictment on demurrer for uncertainty is not whether it might have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet.

**5. Banks and banking ⬅256(1)—Bank president, who causes false entries to be made in reports to Comptroller of Currency, guilty of making false entries in returns to Comptroller.**

President of national bank, who causes false entries to be made in reports to Comptroller of Currency with knowledge of their falsity and with intent to deceive, is guilty of making false entries in returns to Comptroller, in violation of Rev. St. § 5209 (Comp. St. § 9772), though he does not himself make the reports.

**6. Criminal law ⬅134(3)—In absence of counter showing on motion for change of place of trial, presumed that no such showing was available.**

On motion for change of place of trial to other division of district, supported by affidavits showing hostility and prejudice against defendant in the division in which the prosecution had been commenced, it will be presumed, in the absence of a counter showing, that no such showing was available.

**7. Criminal law ⬅134(3)—Denial of motion for change of place of trial for prejudice, in prosecution of president of insolvent national bank for misapplication of funds, held error.**

In prosecution of president of insolvent national bank for misapplication of funds and for making false entries in returns to Comptroller of the Currency, denial of motion for change of place of trial to other division of district, supported by affidavits showing hostility and prejudice to the defendant in the district in which the prosecution had been commenced, *held* error, in the absence of a counter showing, notwithstanding suggestions of prosecuting attorney that care be taken to exclude as jurors persons from county in which bank was situated, or who had become hostile to defendant because of the bank's failure.

S. L. Reece was indicted for misapplication of bank funds and for making false entries in returns to the Comptroller of the Currency. On demurrers to indictments, and on motion for change of place of trial to other division of district, should demurrers be overruled. Demurrers overruled, and motion to change place of trial granted.

E. G. Davis, U. S. Atty., of Boise, Idaho.

C. M. Booth, of Pocatello, Idaho, and Frank J. Gustin, of Salt Lake City, Utah, for defendant.

VAN FLEET, District Judge. In five indictments (numbered in the margin) returned against him in the Eastern Division of the United States District Court for the District of Idaho, the defendant Reece is charged, as president of the Bannock National Bank, at Pocatello, Idaho, with certain violations of section 5209, R. S. (Comp. St. §

9772); the first three, in each of their numerous counts, charging defendant with a separate and distinct misapplication of the funds of the bank, and the last two with the making by him of false entries in returns made by the bank to the Comptroller of the Currency, both of such acts being made offenses under the statute. In the first four of these indictments Reece is the sole defendant; in the last, No. 708, others are charged jointly with him. To each of the indictments Reece has interposed a demurrer, and also a motion for change of place of trial to some other division of the district (should his demurrer be overruled), on the ground of local prejudice claimed to exist against him in the district where the indictments were returned. The demurrers and motions have for convenience been submitted together, and may be disposed of in one opinion.

[1] Disposing of the demurrers first, it may be remarked that they have not been urged in a manner to convey the impression that the grounds stated in them are very seriously relied on by the defendant. No argument or written points have been made or filed by his counsel to direct the court's attention to any specific vice thought to be disclosed on any of the indictments; the defendant contenting himself with presenting merely a naked list of authorities, with no statement of the particular points or propositions to which any citation is supposed to be applicable. This method is not to be commended, as it casts upon the court, seeking to protect defendant's rights, labor that properly belongs to counsel.

[2] After a careful examination of the authorities submitted, however, I am satisfied that they do not sustain either of the grounds specified in the demurrers to 704, 705, and 708, while, to the contrary, one of the cases cited by defendant—that of United States v. Heinze, 218 U. S. 532, 31 Sup. Ct. 98, 54 L. Ed. 1139, 21 Ann. Cas. 884—directly rules against the objection that these three indictments do not state facts constituting a public offense. These indictments in all substantive averments are practically a replica of the indictment in the Heinze Case, which charged the defendant with the same offense, that of misapplication of the funds of a national bank by an official thereof, and the reasoning of the court in sustaining the sufficiency of the indictments fully covers all the grounds urged against the present indictments under that head. It is there held that, where an indictment charges an officer of a national bank with willful misapplication of its funds, induced by and resulting in his advantage, with the intent to injure and defraud the bank by discounting the unsecured promissory note of another party, knowing it to be valueless, whereby the funds so applied are wholly lost to the bank, it sufficiently charges a violation of the provisions of the section under which these indictments are filed; that, while it is of the essence of the criminality of the misapplication there there should be a conversion of the funds to the use of the defendant, or of some one other than the bank with intent to injure and defraud the latter, it is not necessary to allege conversion by both the officer of the bank and the recipient of the proceeds of the discount; that facts showing that there was an appropriation and conversion by one or the other are sufficient.

[3] That case also meets the objection urged under this head that the indictment is bad because as matter of law the president of a national bank is not by virtue of his official relation thereto "an agent in control of nor has he as such officer direction over moneys, funds, or credits of such bank." It is there said:

"There may be a willful misapplication of the funds, * * * even though the officer has not the actual possession of them. He may have such control and power of management 'as to direct an application of the funds in such manner and under such circumstances as to constitute an offense.' "

[4] As to the grounds of uncertainty specified and duplicity, they have not been urged, and it is only necessary to say that, after a careful examination of those questions, neither of them appear to be well taken. As said in Cochran v. United States, 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704:

"Few indictments under the national banking law are so skillfully drawn as to be beyond the hypercriticism of astute counsel—few which might not be made more definite by additional allegations. But the true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Evans v. United States, 153 U. S. 584, 587, 588; Batchelor v. United States, 156 U. S. 426."

These indictments are quite sufficient, I think, to meet that requirement.

[5] As to indictments 707 and 708, the objections raised by the demurrer are equally untenable. The defendant is not charged with himself having made false reports to the Comptroller of the Currency, but that he did, to deceive that official, make and cause to be made false entries in such reports with intent to deceive, and knowing the same to be false. These facts are sufficient to constitute the offense charged. It was not necessary that the defendant should himself have made the reports.

[6, 7] Coming to the motions to change the place of trial. The affidavits of the defendant, his counsel, and a number of other individuals set forth with considerable detail reasons tending to show that a spirit of hostility and prejudice has been excited against the defendant, growing out of the failure of the bank of which he was president, and tending to show that that prejudice has ramifications to a very considerable extent throughout the whole of the division in which the indictments were returned, and it may be said, without more, that, accepting these affidavits for all they tend to show, they are sufficient prima facie to make out a case where the rights of the defendant would be unduly jeopardized by compelling him to go to trial in that district. These affidavits have not been met by the Government by any countershowing by affidavits on the part of the United States attorney and presumptively because no such showing was available. He suggests that a fair and impartial trial may be obtained if care is taken to exclude from the jury such persons as have become affected with hostility against the defendant caused directly or indirectly by the failure of the bank; that

the bank would naturally have few depositors outside of the county of Bannock, and by excluding that county from the territory from which the jury is to be drawn it would be "practically certain that the panel as a whole would be entirely free from any suggestion of bias or prejudice growing out of the failure of this bank;" and he further suggests that the jury, once selected, may be protected from improper influence by keeping its members together during the trial. For these reasons he urges that the motion for transfer be denied.

I am constrained to the view that the suggestions of the United States attorney do not meet the necessities of the case. Nothing is perhaps more calculated to excite in the mind of a community a sentiment of bias and prejudice against an individual than acts affecting their pecuniary interests or those of their relatives and friends, especially under circumstances where they regard the course of conduct of the individual concerned as dishonest or fraudulent, and that such a sentiment may pervade a district far broader than that immediately surrounding the bank affected readily falls in with our observation. In fact, it is difficult to always measure its ramifications, and I am not prepared to accept the suggestion that merely excluding the county in which the bank was located from the territory from which the jury is to be drawn would insure the safety of the defendant against the danger of which he complains. And so far as the suggestion of keeping the jury together is concerned, that will not accomplish the protection of the defendant against such prejudice, if perchance members of the jury have become unconsciously tainted with that vice prior to being sworn. I am therefore of the opinion that upon the showing made the defendant is entitled to have the place of trial removed to another division of the district.

It is suggested by the United States attorney that, if the court concludes that the case should be removed, the removal be had to the Southern division, for trial at Boise. As the defendant has not antagonized this suggestion, that will be the order.

The defendant's demurrers are accordingly overruled in all respects. His motions to change place of trial will be granted, and upon the filing of this opinion the clerk may enter proper orders accordingly.