### DERANGO v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. April 8, 1927.

No. 4844.

1. Criminal law ⟨⟩1159(2)—Only question of evidence reviewing court can determine is its legal sufficiency to go to jury.

With respect to the evidence, appellate court can only determine whether it was legally sufficient to go to the jury.

2. Criminal law ⟨⟩1038(1)—Objection to charge may not be made for first time on appeal.

Objection to charge must be overruled, not having been made in trial court.

3. Criminal law ⟨⟩380—Witnesses to defendant's general reputation may not testify that he had refused to commit similar crimes.

Witnesses testifying to the general reputation of defendant may not testify that on other occasion they had endeavored to entrap him into committing other offenses against the same law, and that he had refused to commit them.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Cubie Derango, alias Edmond Derango, was convicted of unlawful sales of narcotics, and brings error. Affirmed.

Louis H. Winch, of Cleveland, Ohio (Cline & Patterson and Winch, Lurie, Addams & Burke, all of Cleveland, Ohio, on the brief), for plaintiff in error.

Howell Leuck, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. Derango was convicted on two counts of an indictment charging him with unlawful sales of narcotics to David H. Gindy. Adherence to the rule that requires definiteness in assignment of error would preclude a review of the points upon which he relies for a reversal of the judgment; but we have considered them as if presented, and will briefly state our conclusions.

[1] The first goes to the evidence, with respect to which we can only determine whether it was legally sufficient to justify the submission of the case to the jury. On that point we have no doubt, and this regardless of the asserted entrapment, which has no color of support in the proof, and indeed could not be true under defendant's theory of the case, that he had nothing to do with either sale.

[2, 3] The objections here made to the charge are wholly lacking in merit, and must also be denied, because not made in the court below. The excluded evidence of which complaint is made consisted of statements of police officers to the effect that on other occasions the accused had refused to commit crimes similar to those with which he was charged. These witnesses were permitted to testify to the general reputation of the accused, but clearly they should not have been permitted to say that they had endeavored to entrap him into the commission of other offenses against the Narcotic Act and he had refused to commit them.

Judgment is affirmed.