## GAUSEPOHL v. UNITED STATES.
### No. 5756.

Circuit Court of Appeals, Sixth Circuit.
April 15, 1931.

J. T. Murphy, of Covington, Ky. (Blakely & Murphy, of Covington, Ky., on the brief), for appellant.

Sawyer A. Smith, of Covington, Ky., for the United States.

Before HICKS and HICKENLOOPER, Circuit Judges, and NEVIN, District Judge.

HICKS, Circuit Judge.

Appellant Gausepohl and William Porter were convicted of selling intoxicating liquor in violation of section 3, title 2, of the National Prohibition Act. Title 27, § 12, U. S. C. (27 USCA § 12). By somewhat varied assignments of error appellant challenges the denial of a directed verdict. He also assails the order of the court overruling a demurrer to the indictment and insists in addition that "the court failed to instruct the jury as to all the law of the case based on the facts and evidence produced."

The motion for a directed verdict was properly denied.

Hays, a prohibition agent, testified that on July 5th (inferentially 1930), at about 9 p. m., he went to a place at Nineteenth and Howell streets in Covington, Ky., known as Gausepohl's Place; that there he purchased from Porter a pint of Walker's Canadian whiskey, paying him $5 for it; that there was a bar in the place, "just a saloon like"; that Porter went into a rear room and got the whisky, that he (witness) returned to that place on July 8th at night; that Gausepohl was then behind the bar; that he asked Gausepohl for a pint of Canadian whisky; that Gausepohl replied "O. K.," went into the rear room, procured a pint of Walker's whisky, wrapped it in a newspaper, and handed it to witness, who then paid Gausepohl $5 for it; that he (witness) returned to this place on July 30th with Prohibition Agent Green; that he then and there witnessed a sale of whisky by Porter to Green, and that Gausepohl was present. Green corroborated Hays as to the sale by Porter on July 30th and as to Gausephol's presence on that occasion.

We think this evidence is sufficient to support the verdict. From it a fair-minded jury could conclude that Gausepohl was guilty beyond a reasonable doubt. It is true that this incriminating evidence was denied by appellant, and that in addition he undertook to establish an alibi, to wit, that upon the relevant dates he was on a trip to Detroit. But we do not pass upon the weight of the evidence or the credibility of witnesses. These were matters for the consideration of the jury. Burton v. U. S., 202 U. S. 344, 378, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Zottarelli v. U. S., 20 F.(2d) 795 (C. C. A. 6); Hyney v. U. S., 44 F.(2d) 134, 136 (C. C. A. 6).

44

 The "demurrer" to the indictment consisted of nothing more than an oral motion to quash. Its substance is not disclosed. There was a motion in arrest of judgment upon the broad ground that the indictment did not allege an offense, but this motion in arrest was entirely too late. It was filed more than seventy-five days after judgment. See Durland v. U. S., 161 U. S. 306, 315, 16 S. Ct. 508, 40 L. Ed. 709; McInerney v. U. S., 147 F. 183, 184 (C. C. A. 1). But, passing over these procedural matters, we think the indictment was sufficient. It is attacked in the brief upon the ground that it alleges neither the time nor place of the commission of the offense nor the amount or kind of liquor sold, nor the name of the purchaser, nor any other attending circumstances. The indictment charges that "whisky" was sold, and by statutory definition whisky is intoxicating liquor. Title 27, § 4 of the National Prohibition Act. See, also, Johnson v. U. S., 46 F.(2d) 7, 8 (C. C. A. 6). Section 32 of title 2 of the Prohibition Act (27 USCA § 49) provides that it shall not be necessary for the indictment to give the name of the purchaser. In Husty et al. v. U. S., 51 S. Ct. 240, 242, 75 L. Ed. ——, decided February 24, 1931, the Supreme Court, considering an indictment embracing counts for the transportation and possession of liquor and based upon the same section of the National Prohibition Act as was the indictment here in question (section 12), said: "The indictment is in the form authorized by section 32 of title 2 of the National Prohibition Act (27 USCA § 49). It charges the transportation of intoxicating liquor * * * and possession * * * at a named time, and at a place within the jurisdiction of the court. Failure to state more specifically the amount of the liquor, and the time and place of the offenses charged, does not affect the validity of the indictment. It was at most ground for a bill of particulars, if timely application had been made. See Durland v. U. S., 161 U. S. 306, 315, 16 S. Ct. 508, 40 L. Ed. 709." This pronouncement is applicable here. Leonard v. U. S., 18 F.(2d) 208, 211 (C. C. A. 6), is in accord. See, also, Miller v. U. S. (C. C. A.) 300 F. 529, 532.

[5] In its criticism of the court's charge appellant's brief diverges from the assignment of error. The assigned error was that the court failed to instruct the jury as to all the law of the case. In the brief the purported error was that certain of the instructions were incorrect. We have examined the charge and think that the objections to it are without merit. It is not prejudicial. A fair and reasonable interpretation of its language is really more favorable to appellant than the law justifies because under it the jury were required to believe beyond a reasonable doubt that appellant, not only sold whisky to Hays, but that he also aided and abetted in the sale to Green before he could be convicted of even a single sale. But the objection to the charge must be overruled because there was no exception to it in the court below. Further, there was no request for additional instructions. Isaacs v. U. S., 159 U. S. 487, 491, 16 S. Ct. 51, 40 L. Ed. 229; Derango v. U. S., 18 F.(2d) 778 (C. C. A. 6).

Affirmed.