706

## ESLICK v. UNITED STATES.*
### No. 6703.

Circuit Court of Appeals, Sixth Circuit.

April 18, 1935.

Lee Douglas, of Nashville, Tenn. (Lawson Myers, of Fayetteville, Tenn., on the brief), for appellant.

K. T. McConnico, Jr., of Nashville, Tenn. (Horace Frierson, Jr., of Nashville, Tenn., on the brief), for the United States.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Appellant was cashier of the Elk National Bank of Fayetteville, Tenn. On May 2, 1933, he was indicted as such cashier under section 592, title 12, U. S. C. (12 USCA § 592). The first count of the indictment purported to charge him with embezzlement, the second with abstraction, and the third and remaining count with misapplication of the moneys of the bank. The case was set for hearing on July 14, 1933. A week prior thereto the attorney then representing appellant, and the District Attorney, had a conference with the judge, and appellant's attorney stated that appellant "would have to plead guilty," to which the judge replied that if he did the maximum sentence would be imposed.

When the case was called on July 14th, and before arraignment, appellant, through his attorney, applied for a continuance. He supported the application by a resolution of the board of directors of the bank, with the affidavit of its president and attorney, and of appellant himself. The gist of the application was that the bank was in the hands of a conservator, that its president had been ill, that appellant was more familiar with its affairs than any other official, that the interest of the bank required his continued presence at Fayetteville, and that if he should be imprisoned the result would not only be detrimental but probably disastrous to the bank. The continuance was denied, appellant pleaded guilty, and the court sentenced him to imprisonment for five years on the first and second counts of the indictment, the sentences to run consecutively, and to pay a fine of $5,000 on the third count. He was then taken into custody and incarcerated, in the penitentiary. On September 30th, which was during the same term at which he was sentenced, appellant filed a motion to be permitted to withdraw his plea of guilty, to have the judgment and sentence of July 14th vacated and set aside, and to reinstate the case upon the docket. This motion was supported by the affidavit of appellant, and was based upon two grounds: First, that his plea of guilty had been entered through surprise, mistake, and inadvertence, and under a misapprehension of his rights; and second, that the indictment charged no offense and was void. The affidavit sets forth that appellant thought his application for a continuance was upon sufficient grounds; that he understood it would not be resisted; that it was the first application, and that he expected it to be granted and had therefore made no preparation for a defense. Appellant does not state that he ever intended to plead not guilty, that he would yet do so if he were rearraigned, or that the statement of his attorney a week prior to sentence that "he

*Writ of certiorari denied 55 S. Ct. 926, 79 L. Ed. ——.

would have to plead guilty" was without his knowledge or approval.

■ Appellant was not justified in expecting a continuance; there was no merit in the application; it amounted to no more than a request to the court not to imprison appellant while his presence was needed in connection with the bank's affairs. If the indictment was not void, there was therefore no abuse of discretion in declining to set aside the plea of guilty. Spirou v. United States, 24 F.(2d) 796, 797 (C. C. A. 2).

The court held that the second and third counts were void, and set aside the sentences based thereon, but, being of the opinion that the first count was valid, modified the judgment so as to impose a single sentence of five years' imprisonment thereon. Appellant's motion in arrest of judgment, entered after judgment, was denied.

■ The only substantial question is whether the indictment sufficiently avers that the moneys embezzled were the property of the Elk National Bank. Upon this feature the indictment alleged that appellant did "embezzle monies, to wit, approximately $56,-408.71 * * * which monies had come into his possession in his official capacity as the cashier of the said Elk National Bank, with intent to defraud or injure the said Elk National Bank." We think this necessarily means that at the time appellant embezzled the moneys he was as cashier holding them in trust as the property of the bank. United States v. Northway, 120 U. S. 327, 331, 7 S. Ct. 580, 30 L. Ed. 664.

The word "embezzle" has a well-settled technical meaning, and to say that one has embezzled money in his possession as cashier of a bank is in legal effect to say that the money was intrusted to him as the property of the bank. See United States v. Britton, 107 U. S. 655, 669, 2 S. Ct. 512, 27 L. Ed. 520; Batchelor v. United States, 156 U. S. 426, 429, 15 S. Ct. 446, 39 L. Ed. 478; Grin v. Shine, 187 U. S. 181, 189, 23 S. Ct. 98, 47 L. Ed. 130; Peck v. United States, 65 F.(2d) 59, 61 (C. C. A. 7); Weinhandler v. United States, 20 F.(2d) 359, 361 (C. C. A. 2). While the averment in question is somewhat inartificially drawn, and cannot be approved as a model, it contains no substantial defect which may be taken advantage of after judgment upon a plea of guilty, title 18, § 556, U. S. C. (18 USCA § 556); Dunbar v. United States, 156 U. S. 185, 192, 15 S. Ct. 325, 39 L. Ed. 390. It was sufficiently specific to protect appellant

against further prosecution after the plea of guilty, and there was no further necessity for greater particularity. Evans v. United States, 153 U. S. 584, 590, 14 S. Ct. 934, 38 L. Ed. 830; Weinhandler v. United States, supra.

■ The denial of appellant's formal motion in arrest of judgment was not erroneous. The motion was untimely. It came after final judgment, and more than four months after the judgment of July 14th. Durland v. United States, 161 U. S. 306, 315, 16 S. Ct. 508, 40 L. Ed. 709; Gausepohl v. United States, 49 F.(2d) 43, 44 (C. C. A. 6). But in any event the action of the court upon it was not prejudicial, because all the relief which appellant might have been entitled to thereunder was granted upon his motion to vacate and set aside the judgment and sentence of July 14th.

The judgment of the District Court is affirmed.