See also D.C., 366 F.Supp. 628.

**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Enrique Llaca ORBIZ,**
**Defendant.**

**Cr. No. 142–70.**

United States District Court,
D. Puerto Rico.

Aug. 28, 1973.

Juan M. Pérez-Giménez, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Enrique Llaca Orbiz, pro se.

## ORDER

PESQUERA, District Judge.

Defendant has moved for reconsideration of the Order entered by Chief Judge Cancio on May 10, 1973, D.C., 358 F.Supp. 200, denying his motion to dismiss the indictment under Rule 12 of the Federal Rules of Criminal Procedure as well as his motion for change of venue requesting that the instant case be transferred to the Southern District of Florida.

Upon consideration of said Order of May 10, 1973, as well as defendant's motion for reconsideration filed on June 26, 1973, his supplemental memorandum of July 18, 1973, his motion to strike and to request a decision on defendant's motion for reconsideration, filed on July 30, 1973, and the arguments advanced during the hearing held on August 6, 1973, the Court is of the opinion that the denial of both requests made by the

defendant, for dismissal and for change of venue, was in order.

Defendant's insistence on dismissal of the indictment is mainly founded on his allegations that delays incurred into in bringing the indictment and holding trial violate his right to due process and a speedy trial. Entwined with these allegations are other allegations made by defendant to the effect that said delays have caused him to lose the services of his attorneys which have had to be replaced by others residing within the jurisdiction of the Southern District of Florida, where he himself is presently residing, and to which the instant case should be transferred for trial. Defendant also insists that the indictment fails to state the essential elements of the offense charged and for this reason should be dismissed.

■ In United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Court examined the contention of the accused that the speedy trial right had been violated because of pre-arrest/pre-indictment delay. The Court held that the Sixth Amendment's right to a speedy trial does not generally apply to the preaccusatory stage, at least until the defendant is arrested. The Court, however, further indicated that pre-indictment delay by the Government might violate the due process clause of the Fifth Amendment and cause the dismissal of an indictment if it is shown that such delay has caused substantial prejudice to a defendant's right to a fair trial or if the delay has been intentionally incurred into to gain a tactical advantage. We have looked in vain for any evidence to substantiate either situation. Defendant stands exclusively on the fact that there have been delays. Yet, the possibility of prejudice, without more, is insufficient to demonstrate violation of due process right to a fair trial.

■ As to the alleged post indictment delay, the Supreme Court in the unanimous decision entered in the case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), did not enunciate a hard and fast rule for measuring an alleged speedy trial invasion. The Court set forth "balancing factors" to be weighed in determining if there has been a denial. The length of the delay is only one of several factors to be taken into consideration. Other factors to be considered are the reason for the delay, defendant's assertion of his right, and prejudice to the defendant. After reviewing all the proceedings had in this case, we must conclude that defendant's right to a speedy trial has not been violated.

■ Although during the hearing held on the 6th of this month, defendant contended that the Government has deliberately delayed bringing him to trial, all that can be said is that crowded dockets and lack of judges may have contributed to the delay and, although this must be taken into consideration, it is to be "weighed less heavily" (407 U.S. at 531, 92 S.Ct. 2182). Other facts have also contributed to the delay, not the least of which have been defendant's own motions for continuance and the fact that defendant has been without counsel for over a year.

■■ In the above cited case of Barker v. Wingo, the Court said that failure to assert the right to a speedy trial does not constitute a waiver of the right (407 U.S. at 528, 92 S.Ct. 2182), but it also said that defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether he has been deprived of the right. "We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial" (407 U.S. at 531–532, 92 S.Ct. at 2193). As shown by the chronology of the proceedings made by Chief Judge Cancio in his Order of May 10, 1973, the defendant did not assert his right before moving for the dismissal of the indictment. Defendant's silence throughout the previous delays indicates that he was not opposed to the protracted nature of the proceedings, and he is not to be heard in his argument that continuances requested by his attorneys are not to be imputed to him.

Barker, supra, analyzed prejudice in terms of three interests which the right to a speedy trial is designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired (407 U.S. at 532, 92 S.Ct. 2182). Defendant has not been incarcerated. We may assume that the delays incurred into have not minimized "anxiety and concern" of the defendant but he has shown little to evidence the effect of such delays in his personal life. Aside from the loss of his attorneys, hardly attributable to the delays, defendant has not pointed to any specific instance of prejudice resulting from the delays.

Defendant has relied heavily on the recent decision of United States v. Strunk, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56, decided on June 11, 1973, but we hold that the same merely stands for the doctrine that once it has been determined that an accused has been denied a speedy trial, the only remedy is to dismiss the indictment, and the facts in said case (delay of ten months from return of the indictment to defendant's arraignment) are completely different from the facts of this case. We conclude, therefore, that defendant's right to a speedy trial has not been abridged.

The other reason for dismissal in which defendant insists is that the indictment fails to aver conversion, one of the essential elements of the offense charged. As a general rule, each and every element of an offense, as fixed by the statute creating the crime, must be charged; and they must be charged with sufficient content and plainness to advise the defendant of the accusation, to enable him to prepare his defense and to plead a conviction or acquittal in bar of a subsequent prosecution for the same offense. However, it is sufficient if by reasonable and fair construction, the indictment alleges every essential element to make out the crime (Stapleton v. United States, 9 Cir., 260 F.2d 415, 17 Alaska 713). Since the word "embezzlement" has a well-settled technical meaning (Eslick v. United States, 6 Cir., 76 F.2d 706, 707 (1935)), and it has been held that it is sufficient to charge in the words of a statute, we hold that the language in which the indictment is conceived is sufficient to inform defendant of the crime with which he is being charged, to enable him to prepare his defense and to constitute a bar for subsequent prosecution for the same offense. As stated in Black's Law Dictionary at page 614, embezzlement is not an offense at common law, but was created by statute and it includes in its meaning to appropriate to one's own use and, therefore, the use of the single word embezzle in an indictment or information contains within itself the charge that the defendant appropriated the money or property to his own use.

During the hearing held on the 6th of this month, defendant did not advance any new reason in support of his motion for change of venue. The fact that he is presently residing in the Southern District of Florida and the additional fact that he has retained counsel there, were duly taken into consideration by Chief Judge Cancio in his Order of May 10, 1973. The additional argument that said counsel are so busy that they cannot try the case in this jurisdiction is not convincing. If their inability to appear before this Court is due to economic factors, the Court will entertain a request from defendant for designation of local counsel.

For the above stated reasons, defendant's motion for reconsideration is hereby denied and it is so ordered.